UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 17-17689 |
| Volodymyr Gordiychuk, | Chapter 13 |
| Debtor. | Honorable A. Benjamin Goldgar |

### AGREED DEFAULT ORDER

THIS CAUSE coming on to be heard upon the Motion for Relief from Automatic Stay filed on behalf of MTGLQ Investors, LP, (hereinafter referred to as "Movant"), a secured creditor or servicing agent for a secured creditor holding a lien on the Debtor's property commonly known as 652 N Oakley Boulevard, Chicago, Illinois 60612 (hereinafter referred to as the "Property

IT IS HEREBY ORDERED:

1. The current post-petition arrearage, through March 31, 2018, is $27,579.35. The arrears include:

   $1,031.00 attorney fees and costs;
   5 (July 2017 - November 2017) payments @ $2,924.27 = $14,621.35; and
   4 (December 2017 - March 2018) payments @ $2,981.75 = $11,927.00.

2. In addition to making the regular post-petition payments timely, the Debtor shall cure the remaining arrears of $27,579.35, by making the following monthly payments directly to MTGLQ Investors, LP:

   $5,000.00 on or before March 15, 2018;
   $5,000.00 on or before April 1, 2018;
   $7,000.00 on or before May 1, 2018;
   $7,000.00 on or before June 1, 2018; and
   $3,579.35 on or before July 1, 2018.

3. If the Debtor fails to timely pay two or more (i) regular monthly payments increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters; (ii) plan payments to the Chapter 13 Trustee; (iii) payments for property insurance and/or general real estate taxes; or (iv) Debtor fails to cure the arrears pursuant to paragraph 2 above, then the Debtor shall be deemed to be in default and the automatic stay shall be terminated as to the Property without further order of this Court, if upon written notice of the default to the Debtor and the Debtor's attorney, and certification of

same to the court, the default is not cured within fourteen (14) days from the date the written notice of the default is mailed.

4. The Debtor may avail himself of the cure provision set forth in paragraph 2 or 3 above a total of two (2) times. In the event of the issuance of a third (3rd) Notice of Default, and upon certification of the same to the court, the Automatic Stay will automatically modify without further Order as Debtor will no longer have the right to cure thereunder.

5. The Proof of Claim heretofore submitted by Movant shall stand unaffected and payments made thereunder shall be paid to Movant unless a Notice of Default and Notice of Lifting are presented to the Trustee and filed with the Bankruptcy court.

6. If the Debtor's Bankruptcy case is dismissed or converted to another Chapter, this agreed repayment order shall be void.

7. In the event that Heavner, Beyers & Mihlar, LLC should have to send out any Notices of Default, the Debtor shall pay an extra $100.00 per notice, as additional attorneys' fees, in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period as set-forth in the Notice.

AGREED:

| MTGLQ Investors, LP | Volodymyr Gordiychuk |
|---|---|
| */s/ Amanda J. Wiese* | */s/ David Freydin* |
| Amanda J. Wiese | David Freydin, his attorney |
| one of its attorneys | |

DATED: **23 MAR 2018**

ENTER:

_____
Bankruptcy Judge

FAIQ MIHLAR (#6274089)
HEATHER M. GIANNINO (#6299848)
AMANDA J. WIESE (#6320552)
ZHIQI WU (#6324870)
CHERYL CONSIDINE (#6242779)
HEAVNER, BEYERS & MIHLAR, LLC
Attorneys at Law
P.O. Box 740
Decatur, IL 62525
bkdept@hsbattys.com
Telephone: (217) 422-1719
Facsimile: (217) 422-1754